## ESTOPPEL — EXECUTORS AND ADMINISTRATORS — NEGLIGENCE.

[Hamilton (1st) Circuit Court, 1908.]

Swing, Giffen and Smith, JJ.

*FRANK H. KEMPER, ADMR. v. APOLLO BLDG. & L. CO. ET AL.

GROSS LACHES OF MORTGAGEE IN ASSERTING CLAIM AGAINST ESTATE OF DECEASED MORTGAGOR, ESTOPS SUIT AGAINST BONA FIDE PURCHASERS OF DECEASED'S HEIRS.
   Laches is such neglect or omission to assert a right as, taken in conjunction with lapse of time and other circumstances, causes prejudice to the adverse party, and operates as a bar in equity. Hence, failure

---

*For common pleas decision appealed from and comprehensive statement of facts, see *Kemper v. Building & L. Co.* 18 Dec. 484.

of a mortgagee, having ample security in one tract of land for his loan at the death of the mortgagor, and at the time of filing the account of his administrator showing distribution to the creditors then existing, to make any effort to enforce payment on his claim until nearly eight years thereafter, when the mortgaged tract had greatly decreased in value and the remaining unencumbered tracts had been sold by the heirs to *bona fide* purchasers for value, and valuable improvements made thereon, constitutes gross laches in the assertion of his rights which will estop the mortgagee and his assignee from asserting any claim against the holders of the unencumbered lands.

**W. A. Nicks** and **D. F. Cash,** for plaintiff.

**W. M. Kemper, Pogue & Pogue, Roettinger & Gorman, David Davis, C. M. Leslie, W. W. Smith, Jr.,** and **J. H. Charles Smith,** for defendants.

## SMITH, J.

In our view of this case, we are of opinion that the defendants, Thomas C. Welch, or T. J. Couden, assignor of the claim of Welch, have been guilty of such laches that they are estopped from asserting any claim against the other defendants herein, the innocent purchasers for value and mortgagees of the Kemper real estate.

The account of the administrator of Parke F. Kemper was filed in the probate court showing distribution to the creditors then existing. Couden, having a mortgage upon a certain piece of property, relied upon this security, no doubt, believing it would be sufficient to pay his mortgage debt.

Some eight years passed without any effort being made to enforce the payment of his claim. When the claim accrued the security was regarded as worth considerably more than the claim, and it was not until years after the various tracts of land were sold and valuable improvements made thereon, that, finding on a sale of the mortgaged premises, that the same was not sufficient to pay his debt in full, he undertook to enforce his claim for the balance against the property held by the present owners who paid value for the tracts and were innocent purchasers thereof.

To determine whether a party is guilty of laches, each case must be decided according to its own particular circumstances, taking into consideration all the elements which affect the question. Laches is such neglect or omission to assert a right as, taken in conjunction with lapse of time and other circumstances, causes prejudice to the adverse party, and therefore operates as a bar in a court of equity. We are of the opinion that the time allowed to pass and the circumstances in this case are such that, in the hands of innocent purchasers, the claim of Couden

or Welch cannot be asserted against the property now held by them. The doctrine of laches proceeds upon the question of the iniquity of permitting a claim to be enforced, which iniquity is founded upon some change in the condition or relations of the property or the parties interested.

Having reached this conclusion, and basing it upon the doctrine of laches, it is unnecessary for us to consider whether or not the enforcement of the claim of Welch or Couden is barred by the statute of limitations.

The petition therefore of the appellant will be dismissed.

**Swing** and **Giffen, JJ.,** concur.